UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Ft. Lauderdale Division

BALESIA TECHNOLOGIES, INC. and
EMPRESA DE TELECOMUNICACIONES
NUEVATEL (PCS DE BOLIVIA), S.A.,

    Plaintiffs,

v.

Case No. 22-cv-62085

JUAN PABLO CALVO CUELLAR,

    Defendant.
_____/

## COMPLAINT

Plaintiffs, Balesia Technologies, Inc. ("Balesia") and its indirect subsidiary Empresa de Telecomunicaciones Nuevatel (PCS de Bolivia), S.A. ("Nuevatel"), sue Defendant Juan Pablo Calvo Cuellar ("Calvo"), and allege:

NATURE OF THE ACTION

1. This is an action by Balesia and Nuevatel against Calvo for damages based upon Calvo's breach of fiduciary duty and tortious interference with Plaintiffs' advantageous business relationship and contracts.

2. On March 28, 2022, Balesia entered into a purchase agreement for a majority stake in Nuevatel, and the deal closed on or about May 14, 2022.

3. From approximately 2007 until March 29, 2022, Calvo served as the Chairman of Nuevatel's Board of Directors. Additionally, from approximately 2007 until approximately July 2019, Calvo was the CEO of Nuevatel. Until approximately October 2022, Calvo remained Nuevatel's attorney-in-fact authorized to represent Nuevatel.

4. As described below, after Calvo resigned as Chairman and while serving as Nuevatel's attorney-in-fact, Calvo repeatedly thwarted Nuevatel's efforts to obtain regulatory approval in Bolivia to confirm Balesia's purchase of Nuevatel.

5. Calvo has taken these wrongful actions, in violation of existing fiduciary duties he owes to Nuevatel and with confidential business information received in his capacity of Chairman of Nuevatel's Board of Directors, in an effort to force Balesia to sell its interest below fair market value to entities owned or otherwise affiliated with Calvo.

6. Calvo's actions have already interfered with Balesia's operations of Nuevatel, its business relationships with third-parties, and further damaged Nuevatel by precluding Bolivian's regulatory authority from consummating Balesia's purchase of Nuevatel.

7. On information and belief, Calvo has acted in concert with others who will be named as Defendants upon the discovery of their identities.

## JURISDICTION AND VENUE

8. Balesia is a Delaware corporation with its registered office in Delaware and its principal place of business and only physical address in San Diego, California.

9. Nuevatel is a Bolivian corporation that transacts business in the United States solely as a result of "peering" or connection agreements with U.S.-based telecommunications providers and without any physical address in the United States.

10. Calvo is an individual residing and owning real property in Broward County, Florida.

11. The amount in controversy exceeds $75,000.

12. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is a complete diversity of citizenship between Plaintiffs and Defendant.

13. This court has general personal jurisdiction over Calvo because he is a Florida resident and venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Calvo resides in Broward County, Florida.

## GENERAL ALLEGATIONS

14. Nuevatel was incorporated in Bolivia in 1999 as a Sociedad Anónima, or "anonymous company" in English.

15. Since at least 2005, the shareholders and approximate equity ownership percentages of Nuevatel have been Western Wireless International Bolivia LLC, a Delaware corporation (approximately 71.5%), Western Wireless International Bolivia II Corporation, a Delaware corporation (less than 0.1%) and Cooperativa de Telecomunicaciones Cochabamaba R.L., ("Comteco") a Bolivian cooperative owned by its community members (approximately 29.5%).

16. The equity ownership interests of the Western Wireless entities were owned 100% by affiliates of Trilogy International Partners, Inc., a Canadian British Columbia corporation publicly traded under the Toronto Stock Exchange ("Trilogy").

17. Nuevatel is a licensed provider of telecommunications services in Bolivia, operating under the brand name "VIVA."

18. Nuevatel holds certain concessions and licenses to operate public radio frequency spectrum in Bolivia, and is subject to certain regulations adopted and enforced by the Autoridad de Regulación y Fiscalización de Telecomunicaciones y Transportes, which is the Authority of Regulation and Fiscalization of Telecommunications and Transportation in English ("Bolivian Regulator").

19. For most or all of the time Calvo was affiliated with Nuevatel, as its CEO and Chairman of the Board, he held general and broad powers as an attorney-in-fact authorized to conduct business on behalf of Nuevatel, including but not limited to authority to represent Nuevatel before the Bolivian Regulator. Calvo retained a power of attorney for Nuevatel until approximately October 2022. Upon information and belief, Calvo was also an employee of Trilogy until at least August 2022.

20. As of the filing date of this Complaint, Calvo's profile on the professional connections website www.linkedin.com describes his professional affiliations as including Vice President of Operations of Trilogy, December 2006-present, and Vice President of Business Development of Trilogy, Fort Lauderdale, Florida with no date range specified.

21. Since at least 2018, Trilogy has actively sought to sell its majority shareholding interest in Nuevatel.

22. Commencing in 2019, Nuevatel entered into a series of transactions with affiliates of Phoenix Towers International, Inc., a Delaware corporation (together with its affiliates, collectively "PTI").

23. PTI is an international developer and acquirer of cellular towers and other infrastructure assets used by mobile network operators to install and operate their broadcast equipment. PTI presently owns more than 20,000 cellular towers worldwide. Typically PTI owns the infrastructure assets and leases space on towers for the mobile network operator's equipment. Under the initial Nuevatel-PTI transactions, PTI purchased and leased back to Nuevatel more than 700 cellular towers Nuevatel then owned. Under subsequent transactions, PTI developed more than 100 cellular towers at locations specified by Nuevatel whereby the infrastructure assets are owned by PTI with Nuevatel leasing space on the towers at pre-approved monthly rents. As a

result of the substantial cumulative monthly rent obligations that Nuevatel owes to PTI, PTI secured from Trilogy a right to veto any purchase of Trilogy's ownership interest in Nuevatel.

24. Based on confidential business information received during his tenure as CEO and/or Chairman of the Board of Nuevatel, Calvo had knowledge of PTI's veto rights.

25. Between 2019 and 2021, Calvo approached PTI on several occasions seeking at least tentative approval of transactions, under which Calvo held himself out as a principal, to acquire Trilogy's interest in Nuevatel. In each instance, PTI declined Calvo's overtures as lacking sufficient financial backing to assure the continued financial success of Nuevatel necessary to support Nuevatel's rent payment obligations to PTI.

26. Affiliates of Balesia have a longstanding relationship with PTI based on prior transactions between them in other Latin American countries. Beginning in November 2021, PTI approached the principals of Balesia, encouraging them to acquire Trilogy's interest in Nuevatel for the purpose of engaging in future business dealings. Balesia entered into negotiations with Trilogy and conducted due diligence regarding its operations, including visiting Bolivia and meeting with its executive team, including Calvo, during early March 2022.

27. On March 28, 2022, Balesia entered into a share purchase agreement (the "SPA") with Trilogy to acquire 100% of the equity interests of the Western Wireless entities, which together owned nearly 73% of Nuevatel. The SPA transaction closed on May 14, 2022. The ultimate purpose of the SPA transaction was for Balesia to acquire a majority equity interest in Nuevatel.

28. On March 29, 2022, Nuevatel conducted meetings of its directors and its shareholders. With the approval of Trilogy, as the ultimate representative of a majority of Nuevatel's shareholding interest, representatives of Balesia's management team were appointed

as directors of Nuevatel in substitution of prior directors who had been representatives of Trilogy's management. Calvo was one of the directors substituted.

29. Between March 29, 2022 and closing of the SPA transaction on May 14, 2022, representatives of Balesia's management team began overseeing aspects of Nuevatel's day-to-day operations, subject to approval and ratification by Trilogy of actions directed or recommended by Balesia.

30. Based on recommendations or instruction made by Balesia, Nuevatel cancelled dozens of "consulting" and similar contracts for marketing, advertising and other services that were wasteful, unnecessary, and/or redundant of services being performed directly by Nuevatel employees. Upon information and belief, some or all of the cancelled contracts (and potentially other contracts not yet discovered) had been negotiated or approved by Calvo, his family members, entities affiliated with Calvo, and/or Nuevatel employees at Calvo's instigation, in exchange for improper payments or other consideration received by or for the benefit of Calvo from the contractual counter-parties. Nuevatel has suffered damages as a result of signing or maintaining in force these contracts containing improper and unnecessary payments to the contracting counter-parties.

31. In advance and in anticipation of the signing of the SPA, on or about March 7, 2022, pursuant to instructions from Trilogy, Nuevatel submitted to the Bolivian Regulator an application for approval of change of effective control of Nuevatel (the "Application"). Over the course of several months, in connection with the Application, the Bolivian Regulator requested and Nuevatel provided additional information regarding Balesia and the SPA transaction.

32. On August 16, 2022, Nuevatel, at Balesia's request, withdrew the Application.

33. On August 22, 2022, the Bolivian Regulator delivered to Nuevatel its resolutions denying the Application, which was backdated to reflect the resolution became effective as of August 15, 2022 (the "Resolution") the day before the Application was withdrawn. In accordance with applicable Bolivian regulations, Nuevatel appealed the Resolution (the "Appeal"). The Appeal is pending before the same Bolivian Regulator.

34. Between August 22, 2022 and the filing date of this Complaint, the Executive Director of the Bolivian Regulator, Nestor Rios Rivera ("Rios"), has conducted multiple press conferences and interviews with Bolivian news reporters characterizing in an exaggerated and inflammatory manner the alleged illegality of conduct of Nuevatel and Balesia in connection with the submittal and subsequent withdrawal of the Application. Such press conferences and interviews have been widely reported in the Bolivian television and print media and have been posted to the Bolivian Regulator's social media websites.

35. Balesia has lost opportunities with outside investors and has been unable to deploy its planned capital investment in Nuevatel as a result of the wrongful denial of the Application due to the Resolution and the subsequent negative press coverage initiated by Rios and the increased risks associated with the Bolivian Regulator's denial of the Application.

36. Nuevatel has suffered damage as a result of the delay in Balesia's planned investment into Nuevatel.

37. On or about September 7, 2022, Calvo contacted PTI's CEO Dagan Kasavana by phone. Calvo advised Kasavana that, in light of the Bolivian Regulator's denial of the Application, Calvo had secured funding from an undisclosed third party who was willing to acquire Balesia's ownership interest in Nuevatel, and seeking waiver of PTI's veto rights in favor of Calvo's investment group.

38. On or about September 15, 2022, Kasavana received a text message originating from a phone number and from a person identifying himself only as "Cyrill," stating he had received Kasavana's private phone number from Calvo and indicating he was "representing a large well-known investor who is interested in stepping in if Balesia for any reason can't move forward."

39. On or about September 22, 2022, Balesia CEO George Alvarez received a text message originating from the same phone number and from a person also identifying himself only as "Cyrill" stating "we'd like to make you a purchase offer for Viva . . . in case you decide not to move forward in Bolivia . . . [and] . . . in case [the Bolivian Regulator] wouldn't approve the transfer."

40. On September 25, 2022, Mr. Alvarez received an email stating "I have contacted you last week by phone regarding the sale of Viva, considering the current issues Balesia has with the transfer acceptance by [the Bolivian Regulator]. Please find enclosed the written offer to the shareholders of Balesia." The signature block on the email identifies the sender, Cyrill Wiget, described as "Founding Partner" of "Mythen Ventures" and includes the same phone number as that from which Mr. Alvarez received the text message described in the preceding paragraph. The email included as an attachment a letter in Spanish with the file name "Oferete no Vincualate – Viva (in English "Non-Binding Offer – Viva"), which was signed by Facundo Prada, as President of "Los La Pachos S.A." The body of the letter identifies Los La Pachos as an affiliate of "Supercanal, S.A.," described in the letter as a provider of cable television and connectivity services in 14 provinces in Argentina and the second largest cable operator with more than 365,000 cable TV and Internet customers. The letter also describes purported synergies between the operations of Supercanal and those of Nuevatel.

41.     There are three major nationally licensed mobile network operators in Bolivia: Nuevatel, Telefonica Celular de Bolivia S.A., which operates under the brand name "Tigo," and Empresa Nacional de Telecomunicaciones, S.A., which operates under the brand name "Entel."

42.     The current CEO of Entel is Roque Roy Mendez. From 2013-15, Mendez was the Vice-Minister of Telecommunications and from 2016-2019 the Executive Director of the Bolivian Regulator.

43.     Upon information and belief, there is a direct connection between Calvo, and Calvo's desire to acquire Nuevatel, and the adverse actions Rios and the Bolivian Regulator have taken with respect to the Application. Upon information and belief, Roque Roy Mendez is able to and has exercised influence over Rios and the Bolivian Regulator in connection with such adverse actions.

44.     Upon information and belief, Calvo is affiliated with Cyrill Wiget, Roque Roy Mendez, Los La Pachos, and/or Supercanal in connection with overtures that Balesia has received seeking to acquire Balesia's equity ownership interest in Nuevatel, and PTI has received seeking a waiver of PTI's veto rights in connection with any change of ownership of Nuevatel.

45.     All conditions precedent to filing this suit have been satisfied, waived, or are futile.

## COUNT I: BREACH OF FIDUCIARY DUTY TO NUEVATEL

46.     Nuevatel re-alleges paragraphs 1-45, as if restated herein.

47.     Calvo owed fiduciary duties to Nuevatel as its CEO and Chairman of the Board. Calvo also owed Nuevatel fiduciary duties as its attorney-in-fact.

48.     Calvo's conduct, including attempting to misappropriate Nuevatel's business opportunities and interfere with Balesia's acquisition of Nuevatel and approval from the Bolivian Regulator for personal gain, breached his fiduciary duties and duties of loyalty to Nuevatel.

49. As a direct and proximate result of the Calvo's breaches of fiduciary duties to Nuevatel, Calvo, individually and with the assistance of others, has damaged Nuevatel.

WHEREFORE Nuevatel demands entry of judgment against Defendant for damages and other relief.

### COUNT II: CALVO'S TORTIOUS INTERFERENCE WITH NUEVATEL AND BALESIA'S BUSINESS RELATIONSHIPS

50. Plaintiffs re-allege paragraphs 1-45, as if restated herein.

51. At all material times, a business relationship has existed between Nuevatel, Balesia, and PTI.

52. At all material times, Calvo has had actual knowledge of the business relationship between Nuevatel, Balesia, and PTI.

53. Calvo, individually and with the assistance of others, has engaged in an intentional and unjustified interference in the business relationship between Nuevatel, Balesia, and PTI.

54. Nuevatel and Balesia have been damaged by Calvo's intentional and unjustified interference in the business relationship between Nuevatel, Balesia, and PTI.

WHEREFORE Plaintiffs demand entry of judgment against Defendant for damages and other relief.

JURY DEMAND. Plaintiffs demand trial by jury on all issues so triable.

Dated: November 9, 2022

        Respectfully submitted,

        /s/ Angel A. Cortiñas
        Angel A. Cortinas, FBN 797529
        DENTONS US LLP
        1 Alhambra Plaza, Penthouse
        Coral Gables, Florida 33134
        Telephone: 305-537-0015
        angel.cortinas@dentons.com
        *Counsel for Plaintiffs*