UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-62085-RAR

**BALESIA TECHNOLOGIES, INC.**, *et al.*,

    Plaintiffs,

v.

**JUAN PABLO CALVO CUELLAR**,

    Defendant.
_____/

### ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION GRANTING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFFS LEAVE TO FILE AN AMENDED COMPLAINT

**THIS CAUSE** comes before the Court upon United States Magistrate Judge Jared M. Strauss's Report and Recommendation [ECF No. 26] ("Report"), entered on May 1, 2023. The Report recommends that Defendant's Motion to Dismiss the Complaint [ECF No. 7] ("Motion") be granted. *See* Report at 1. The Report properly notified the parties of their right to object to Magistrate Judge Strauss's findings and the consequences for failing to object. *Id.* at 21. Plaintiffs did not file any objections to the merits of the Report and only request leave to file a Second Amended Complaint. *See* Pls.' Limited Obj. to R & R at 1.[1] Accordingly, the Court will review Magistrate Judge Strauss's Report for clear error as explained below.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). However, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in

---

[1] Plaintiffs have also objected to the Report "to the extent that any dismissal of the Amended Complaint [ECF No. 18] is with prejudice." *Id.* Given that the Court will permit amendment as requested by Plaintiffs, the nature of the Report's dismissal is not an issue.

order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

Because no party has filed a meritorious objection to the Report, the Court did not conduct a *de novo* review of Magistrate Judge Strauss's findings. Rather, the Court has reviewed the Report for clear error. Finding none, it is hereby

**ORDERED AND ADJUDGED** that the Report [ECF No. 26] is **AFFIRMED AND ADOPTED**. Accordingly, Defendant's Motion to Dismiss [ECF No. 7] is **GRANTED** and Plaintiffs' Amended Complaint [ECF No. 18] is **DISMISSED** *with leave to amend.* The Court hereby grants Plaintiff one final opportunity to cure the pleading deficiencies identified in Magistrate Judge Strauss's Report by filing a Second Amended Complaint on or before **May 31, 2023**. Failure to timely file a Second Amended Complaint will result in dismissal of this action without further notice.

In granting Plaintiff's request for leave to amend, the Court reiterates that the Amended Complaint as pled is deficient in many regards. As highlighted in the Report, for example, Count I fails to adequately allege that Defendant owed fiduciary duties to Nuevatel after Defendant ceased serving as Chairman of Nuevatel's Board on March 29, 2022. Report at 9. Because the power of attorney undermines Nuevatel's allegation that Defendant continued to owe fiduciary duties to Nuevatel following Defendant's tenure as Chairman (given that the document expressly

states that it grants a power of attorney to Defendant in his capacity as Chairman), the Amended Complaint fails to plausibly allege the existence of a fiduciary duty after Defendant's tenure as Chairman ended. *Id.* at 11–12. Moreover, even if Defendant owed fiduciary duties to Nuevatel until October 2022, Nuevatel has failed to allege sufficient facts showing a link between Defendant and the Bolivian Regulator's decision to plausibly establish a breach of such duties on the part of Defendant (at any time). *Id.* at 12–13. The links between Defendant and the Bolivian Regulator's decision are premised almost entirely on "information and belief." *Id.* at 13.

When allegations are based *solely* "upon information and belief," courts need not accept them as true at the motion-to-dismiss stage. *See Smith v. City of Sumiton*, 578 F. App'x 933, 936 n.4 (11th Cir. 2014) ("[F]or purposes of a Rule 12(b)(6) motion to dismiss, we do not have to take as true allegations based merely 'upon information and belief.'" (citing *Mann v. Palmer*, 713 F.3d 1306, 1315 (11th Cir. 2013))). Courts should only accept such allegations as true when they are supported by non-conclusory factual allegations. *See Jones v. Unity Behav. Health, LLC*, No. 20-14265, 2021 WL 5495578, at *3 n.1 (11th Cir. Nov. 23, 2021) ("Because that conclusory assertion [made upon information and belief] is not backed up by any factual allegations, we don't accept it as true in reviewing the dismissal of these claims." (citing *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002))).

With regards to Count II, the Report correctly highlights that Plaintiffs have failed to plausibly allege "damage to the plaintiff as a result of the breach of the business relationship." *Bortell v. White Mountains Ins. Grp., Ltd.*, 2 So. 3d 1041, 1048 (Fla. 4th DCA 2009) (quoting *N. Am. Van Lines, Inc. v. Ferguson Transp., Inc.*, 639 So. 2d 32, 33 (Fla. 4th DCA 1994)); *see also Duty Free Americas, Inc. v. Estee Lauder Cos.*, 797 F.3d 1248, 1279 (11th Cir. 2015). This is an essential element of a tortious interference claim and Plaintiffs have not alleged it at all, plausibly

or otherwise.  Report at 19.  Plaintiffs have only alleged, in a wholly conclusory fashion, that Defendant's interference damaged the business relationship between them and PTI.  *Id.*; Am. Compl. ¶ 54.  In other words, the Amended Complaint does not allege, or even suggest, that any *breach* of the business relationship between Plaintiffs and PTI occurred.  *See Worldwide Primates, Inc. v. McGreal*, 26 F.3d 1089, 1091 (11th Cir. 1994) (citing *Tamiami Trail Tours, Inc. v. Cotton*, 463 So. 2d 1126, 1127 (Fla. 1985)) ("An integral element of a claim of tortious interference with a business relationship requires proof of damage to the plaintiff *as a result of the breach of the relationship*.") (emphasis added).

In sum, Plaintiffs are advised that their Second Amended Complaint will necessitate substantially more factual development to comply with the required pleading standards should they wish to proceed with this action.

**DONE AND ORDERED** in Miami, Florida, this 17th day of May, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**