UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-62085-RAR

**BALESIA TECHNOLOGIES, INC.**, *et al.*,

    Plaintiffs,

v.

**JUAN PABLO CALVO CUELLAR**,

    Defendant.
_____/

### ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** comes before the Court on United States Magistrate Judge Jared M. Strauss's Report and Recommendation ("Report"), [ECF No. 38], on Defendant's Motion to Dismiss the Second Amended Complaint ("Motion"), [ECF No. 32]. The Report recommends granting the Motion and dismissing both the breach of fiduciary duty claim (Count I) and tortious interference claim (Count II). *See* Rep. at 4. Plaintiffs timely filed Objections to the Report ("Objs."), [ECF No. 39], and Defendant filed a Response to Plaintiffs' Objections, [ECF No. 40].

When a magistrate judge's disposition has been properly objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). Because Plaintiffs timely filed objections to the Report, the Court has conducted a *de novo* review of Magistrate Judge Strauss's legal and factual findings to which Plaintiffs objected. Upon careful review of the record, the Report, Plaintiffs' Objections, and Defendant's Response, the Court agrees with Magistrate Judge Strauss's recommendation that dismissal of this action with prejudice is warranted.

    **A. Plaintiffs have failed to state a claim for breach of fiduciary duty.**

The Report recommends that this Court dismiss the breach of fiduciary duty claim because the Second Amended Complaint ("SAC"), [ECF No. 31], fails to adequately allege a breach. Rep.

at 6. As noted by Magistrate Judge Strauss, Plaintiffs attempt to allege three theories of breach: breach based on Defendant's alleged efforts to derail the Bolivian Regulator's approval (SAC ¶ 56b); breach based on Defendant's alleged disclosure of confidential information (SAC ¶ 56a); and breach based on Defendant's alleged self-dealing contracts (SAC ¶ 56c). Rep. at 6, 11, 13. The Court agrees with Magistrate Judge Strauss's well-reasoned conclusion that all three theories of breach have been inadequately pled.

Plaintiffs have failed to plausibly plead allegations that would allow this Court to draw a reasonable inference that Defendant may have interfered with the Bolivian Regulator's decision. As the Report notes, Plaintiffs allege essentially the same facts that this Court has already rejected as insufficient. Rep. at 8; *see also* Order Affirming and Adopting Report and Recommendation Granting Defendant's Motion to Dismiss and Granting Plaintiffs Leave to File an Amended Complaint ("Order Adopting Report"), [ECF No. 30] at 2–3. And merely removing the phrase "upon information and belief" will not save this claim. Rep. at 8. While Plaintiffs are correct that they "added additional facts" regarding "suspicious activity" by the Bolivian Regulator in its denial of the Application, Objs. at 13, careful review of the cited paragraphs reveals that they still fail to support an inference that would allow the Court to plausibly link or connect Defendant to the adverse action taken by the Bolivian Regulator and its Executive Director, Nestor Rios Rivera.

For example, the revised allegations still fail to explain the connection between Defendant, his "desire to acquire Nuevatel, and the adverse actions Rios and the Bolivian Regulator have taken with respect to the Application." Rep. at 9 (quoting SAC ¶ 49). Similarly, these allegations fail to explain how Roque Roy Mendez, the CEO of Entel, exercised influence over Rios regarding the Application. *Id.*; SAC ¶ 50. Instead, the conclusory and formulaic nature of these paragraphs persists, as they consist of impermissible "unadorned, the defendant-unlawfully-harmed-me accusation[s]." *Newbauer v. Carnival Corp.*, 26 F.4th 931, 934 (11th Cir. 2022) (citation omitted).

Further, Plaintiffs fail to allege these alleged breaches took place at a time when Defendant actually owed fiduciary duties. Rep. at 10–11 (noting that Plaintiffs rely on a conclusory allegation in paragraph 4 to claim that Defendant engaged in misconduct while he was still Chairman). Such "[c]onclusory allegations are not entitled to the assumption of truth." *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

Plaintiffs have also failed to plausibly plead allegations that would allow this Court to draw a reasonable inference that Defendant may have breached his duty by disclosing confidential information. As correctly explained in the Report, the majority of references to "confidential information" in the SAC are conclusory. *See* Rep. at 12; *see also* SAC ¶¶ 4, 5, 17, 18, 26, 30, 56. While paragraph 17 of the SAC does reference "identities and contractual proposals submitted by all major suppliers of goods and services," Plaintiffs fail to allege or argue that any of this specific information was disclosed by Defendant. As for the purported disclosure of vague and unspecific confidential information referenced in the other allegations, Plaintiffs claim that "only Defendant possesses the specific facts of what he did and what information he used to sabotage Nuevatel's Application" and "[t]hese are facts that will be discovered." Objs. at 13–14. However, Plaintiffs cannot rely on discovery to cure insufficient pleading. *See Goldin v. Boce Grp., L.C.*, 773 F. Supp. 2d 1376, 1381 (S.D. Fla. 2011) ("A pre-suit investigation by Plaintiff's counsel should have revealed whether Plaintiff could allege these facts . . . Discovery is not an appropriate cure for this pleading defect."); *see also Hall v. HSBC Mortg. Servs., Inc.*, 581 F. App'x 800, 802 (11th Cir. 2014) (affirming dismissal of a claim without leave to amend when the plaintiff "tender[ed] naked assertions devoid of further factual enhancement").

Plaintiffs have similarly failed to plausibly plead allegations that would allow this Court to draw a reasonable inference that Defendant may have breached his fiduciary duty by entering into self-dealing contracts. Plaintiffs maintain that "in paragraph 51 of the [SAC], Nuevatel details the

contracts, the self-dealing nature of the contracts, and its damages as a result of those self-dealing contracts." Objs. at 14. But paragraph 51 merely contains labels, conclusions, and naked assertions devoid of further factual enhancement. *See Marquez v. Amazon.com, Inc.*, 69 F.4th 1262, 1269 (11th Cir. 2023) (explaining that "'[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]'" which "requires plaintiffs to provide more than 'naked assertions devoid of further factual enhancement,' mere 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action.'") (quoting *Iqbal*, 556 U.S. at 678) (cleaned up).

For instance, as pointed out in the Report, there are no factual allegations explaining why the contracts are "self-dealing" in nature as maintained in Plaintiffs' Objections; instead, the contracts are merely characterized as "wasteful, unnecessary, and/or redundant." Rep. at 15 (quoting SAC ¶ 51). Indeed, as Magistrate Judge Strauss correctly notes, "the only substantive change between paragraph 51 of the SAC and paragraph 30 of Plaintiffs' Amended Complaint is the deletion of 'upon information and belief' at the beginning of the second sentence." Rep. at 14. Thus, the Court once again concludes that these allegations are insufficient to adequately plead a breach of fiduciary duty claim. *See Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) ("Conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.") (citation omitted).

  **B. Plaintiffs have failed to state a claim for tortious interference.**

The Report recommends that this Court dismiss Plaintiffs' claim for tortious interference. Rep. at 15–18. As noted by Magistrate Judge Strauss, Plaintiffs aver they suffered damage when Defendant purportedly blocked the approval of their Application with the Bolivian Regulator. Rep. at 17; SAC ¶¶ 61–62. But, as explained above, Plaintiffs have failed to plausibly allege a connection between Defendant and the decision by the Bolivian Regulator to deny the Application.

*Id.* Given this disconnect between Defendant's conduct and the Bolivian Regulator's decision, Plaintiffs have failed to state a claim for tortious interference. *See Hall*, 581 F. App'x at 802 (affirming dismissal where plaintiff alleged too few facts for "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Moreover, Plaintiffs have once again failed to plausibly allege the fourth element of a tortious interference claim—damage to the plaintiff as a result of the breach of the business relationship. *See Worldwide Primates, Inc. v. McGreal*, 26 F.3d 1089, 1091 (11th Cir. 1994) (holding that "[a]n integral element of a claim of tortious interference with a business relationship requires proof of damage to the plaintiff as a result of the breach of the relationship.") (citing *Tamiami Trail Tours, Inc. v. Cotton*, 463 So. 2d 1126, 1127 (Fla. 1985)). Magistrate Judge Strauss is correct that, at most, Plaintiffs have stated a unactionable claim for unsuccessful interference. Rep. at 17; *see also Worldwide Primates*, 26 F.3d at 1091 (explaining that "[u]nsuccessful interference is simply not the kind of interference upon which a tort may be founded.") (citations and quotations omitted).

In sum, given Plaintiffs' failure to adequately allege a connection between Defendant's conduct and the Bolivian Regulator's decision—or plausibly establish that they suffered damage as a result of tortious interference with a business relationship—this count must be dismissed.

### C. Dismissal with prejudice is proper.

In its previous ruling on Plaintiffs' Amended Complaint, the Court granted Plaintiffs "one final opportunity to cure the pleading deficiencies identified []." Order Adopting Report at 2. Based in part on the limited nature of this leave to amend, the Report recommends that the present dismissal should be with prejudice. Rep. at 18. Plaintiffs do not address this recommendation in their Objections. Nor do they address Defendant's request for dismissal with prejudice in their Response to the Motion to Dismiss. *See Newbauer*, 26 F.4th at 936 ("[O]ur precedent is clear that

'[a] district court is not required to grant a plaintiff leave to amend [her] complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court.'") (citation omitted).  Based on the Court's prior warning to Plaintiffs, as well as Plaintiffs' failure to request leave to amend, dismissal with prejudice is appropriate.  Accordingly, based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report, [ECF No. 38], is **AFFIRMED AND ADOPTED**.

2. Defendant's Motion to Dismiss, [ECF No. 32], is **GRANTED**.

3. This case is **DISMISSED** *with prejudice*.

4. The Clerk is instructed to mark this case **CLOSED**, and any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Miami, Florida, this 28th day of September, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**